UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-60131-CR-SMITH

UNITED STATES OF AMERICA,

vs.

JOSE RICARDO RAMIREZ ROMERO,

Defendant.
_____/

## PLEA AGREEMENT

The United States Attorney's Office for the Southern District of Florida ("this Office") and Jose Ricardo Ramirez Romero (hereinafter referred to as the "Defendant") enter into the following agreement:

1. The Defendant agrees to plead guilty to Counts 1 and 2 of the indictment, which charge the Defendant with Conspiracy to Possess with the Intent to Distribute a Controlled Substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 846. Pursuant to Title 21, United States Code, Section 841(b)(1)(A), the amounts involved in Counts 1 and 2 are fifty (50) grams or more of methamphetamine.

2. The Defendant is aware that the sentence will be imposed by the Court after considering the advisory Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The Defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a pre-sentence investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered. The Defendant is also aware that, under certain circumstances, the Court may depart from the

advisory sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines. The Defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose a sentence within that advisory range; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory range. Knowing these facts, the Defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offenses identified in paragraph 1 and that the Defendant may not withdraw the plea solely as a result of the sentence imposed.

3. As to each of the Counts 1 and 2, the Defendant understands and acknowledges that the Court must impose a statutory minimum term of imprisonment of ten (10) years and may impose a statutory maximum term of imprisonment of up to life, followed by a term of supervised release of five (5) years up to life. The Defendant also understands and acknowledges that the Court may impose a fine of up to $10,000,000.00.

4. The Defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 4 of this agreement, a special assessment in the amount of $200 will be imposed on the Defendant. The Defendant agrees that any special assessment imposed shall be paid at the time of sentencing. If a Defendant is financially unable to pay the special assessment, the Defendant agrees to present evidence to this Office and the Court at the time of sentencing as to the reasons for the Defendant's failure to pay.

5. This Office reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the Defendant and the Defendant's

background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

6. This Office agrees that it will recommend at sentencing that the Court reduce by three levels the sentencing guideline level applicable to the Defendant's offenses, pursuant to Section 3E1.1 of the Sentencing Guidelines, based upon the Defendant's recognition and affirmative and timely acceptance of personal responsibility. However, this Office will not be required to make this sentencing recommendation if the Defendant: (1) fails or refuses to make full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

7. The Defendant is aware that the sentence has not yet been determined by the Court. The Defendant also is aware that any estimate of the probable sentencing range or sentence that the Defendant may receive, whether that estimate comes from the Defendant's attorney, this Office, or the probation office, is a prediction, not a promise, and is not binding on this Office, the probation office or the Court. The Defendant understands further that any recommendation that this Office makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety. The Defendant understands and acknowledges, as previously acknowledged in paragraph 2 above, that the Defendant may not withdraw his plea based upon the Court's decision not to accept a sentencing recommendation made by the Defendant, this Office, or a recommendation made

jointly by the Defendant and this Office.

8. The Defendant agrees, in an individual and any other capacity, to forfeit to the United States, voluntarily and immediately, any right, title, and interest to any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such offenses, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of such offenses, pursuant to Title 21, United States Code, Section 853. In addition, the defendant agrees to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p).

9. The Defendant further agrees that forfeiture is independent of any assessment, fine, cost, restitution, or penalty that may be imposed by the Court. The Defendant knowingly and voluntarily agrees to waive all constitutional, legal, and equitable defenses to the forfeiture, including excessive fines under the Eighth Amendment to the United States Constitution. In addition, the Defendant agrees to waive: any applicable time limits for administrative or judicial forfeiture proceedings; the requirements of Fed. Rs. Crim. P. 32.2 and 43(a); and any appeal of the forfeiture.

10. The Defendant also agrees to fully and truthfully disclose the existence, nature, and location of all assets in which the defendant has or had any direct or indirect financial interest or control, and any assets involved in the offenses of conviction. The Defendant agrees to take all steps requested by the United States for the recovery and forfeiture of all assets identified by the United States as subject to forfeiture. This includes, but is not limited to, the timely delivery upon request of all necessary and appropriate documentation to deliver good and marketable title, consenting to all orders of forfeiture, and not contesting or impeding in any way with any criminal, civil or administrative forfeiture proceeding concerning the forfeiture.

11. This is the entire agreement and understanding between this Office and the

Defendant. There are no other agreements, promises, representations, or understandings.

Date: 12/20/2022

By: _____
JAMES M. USTYNOSKI
ASSISTANT UNITED STATES ATTORNEY

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

Date: 12-20-22

By: _____
DAVID TARRAS
COUNSEL FOR DEFENDANT

Date: 12-20-22

By: _____
JOSE RICARDO RAMIREZ ROMERO
DEFENDANT